

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# USA v. Caulton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4653

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Caulton" (2009). *2009 Decisions.* Paper 1909.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1909

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4653

———————

UNITED STATES OF AMERICA

v.

BILLY CAULTON,

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 07-cr-00089
District Judge: The Honorable Sylvia H. Rambo

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 29, 2009

Before: SCIRICA, *Chief Judge,* AMBRO, and SMITH, *Circuit Judges*

(Filed: February 6, 2009)

———————

OPINION

———————

SMITH, *Circuit Judge.*

Billy Caulton pleaded guilty to possession and intent to distribute crack cocaine

under 21 U.S.C. § 841(a)(1).  The District Court sentenced Caulton to seventy-eight

months of imprisonment on December 6, 2007.  Caulton filed a timely notice of appeal on

December 13, 2007.[1]  After reviewing the record in this case, Caulton's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant.  386 U.S. at 744.  Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability.  Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.*  As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), the *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues."  *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal."  *Anders*, 386 U.S. at 744.

After considering counsel's *Anders* brief, we are satisfied that he thoroughly

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

examined the record for issues of arguable merit and fulfilled the requirements of *Anders*. In fact, we commend counsel for his obvious attention to and consideration of the issues presented. Counsel correctly observed that, because Caulton pleaded guilty, Caulton's appeal is limited to the District Court's jurisdiction, the validity of the guilty plea, and the legality of the sentence. *United States v. Broce*, 488 U.S. 563, 570-75 (1989). As Caulton's counsel noted, there is no basis for disputing the District Court's jurisdiction.

With respect to the validity of Caulton's guilty plea, counsel fully satisfied his obligation under *Anders*. He considered not only whether the guilty plea proceeding complied with the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), but also addressed each of the requirements of Federal Rule of Criminal Procedure 11. Counsel cited to the record to further demonstrate compliance with the obligations set forth in *Boykin* and Rule 11.

Counsel also conscientiously examined Caulton's sentence. Prior to sentencing, Caulton's trial counsel objected to the sentencing range on the ground that the government had not proven beyond a reasonable doubt the quantity of cocaine base possessed by Caulton. During the sentencing hearing, the District Court heard argument on this issue. After discussing and considering two lab reports, the District Court found that Caulton possessed 94.4 grams of cocaine base. Before this Court, counsel correctly noted that the District Court was permitted to make such findings by a preponderance of the evidence under *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). Our independent review of the record confirms that the District Court had sufficient

evidence to support its finding and computation of Caulton's sentencing range.

In sum, we agree with counsel's assessment of Caulton's appeal.[2] Our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and will affirm the judgment of the District Court entered on December 6, 2007. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

---

[2]    We note that, consistent with Local Appellate Rule 109.2(a) of the Third Circuit, counsel advised Caulton of his intention to file an *Anders* brief and that Caulton was entitled to file a *pro se* brief. Caulton did not file a *pro se* brief raising any other issues.